## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD BELL, | ) | CASE NO. 1:22-cv-723 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| KILOLO KIJAKAZI, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the joint stipulation of the parties (Doc. No. 15), supported by documentation (Doc. No. 17), for an award to plaintiff under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), of $8,250.00 in attorney's fees. For the reasons set forth herein, the stipulation is approved.

## I. BACKGROUND

On May 4, 2022, plaintiff filed this action seeking judicial review of the Commissioner's denial of his applications for disability insurance benefits and supplemental security income. On January 9, 2023, based on a magistrate judge's Report and Recommendation, and with no objections, the Court remanded the matter for further administrative proceedings. (See Doc. Nos. 13 & 14 (adopting Doc. No. 12).)

## II. DISCUSSION

The EAJA requires the government to pay a prevailing plaintiff's attorney fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). There is no dispute here that the government's position was not

substantially justified and that plaintiff is the "prevailing party" under the EAJA. *See Hammock v. Comm'r of Soc. Sec.*, No. 1:12-cv-250, 2015 WL 7292750, at *1 (S.D. Ohio Oct. 26, 2015), *report and recommendation adopted sub nom Hammock v. Acting Comm'r of Soc. Sec.*, No. 1:12-cv-250, 2015 WL 7276087 (S.D. Ohio Nov. 18, 2015) ("A plaintiff who wins a remand of her social security appeal in this Court is a 'prevailing party[.]'").

Although the parties have stipulated to the amount of an award, the Court must still examine it for reasonableness. 28 U.S.C. § 2412(d)(2)(A) ("fees and other expenses" includes, *inter alia*, "reasonable attorney fees"). The EAJA provides that the amount of an attorney fee award shall be based upon prevailing market rates, but shall not exceed $125 per hour, unless the Court determines that the cost of living or special factors justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii).

Documentation submitted by plaintiff's counsel shows legal services performed by two attorneys and an appellate assistant between April 6, 2022 and January 9, 2023. The attorneys performed, respectively, 15.9 hours and 31.1 hours of service. The appellate assistant performed 2.3 hours of service.[1] These services included the expected and typical ones of reviewing the administrative record, reviewing medical records, telephone calls, briefing, reviewing court orders, and the like. The Court finds both the amount and the nature of these legal services to be reasonable.

The two attorneys who performed services for the plaintiff indicate usual billing rates of $350/hour and $325/hour, respectively.[2] Those rates would be an upward departure from the

---

[1] "Work performed by non-attorneys such as paralegals may be compensable under the EAJA if the work is 'sufficiently complex' or work 'traditionally performed by attorneys.'" *Jordan v. Comm'r of Soc. Sec.*, No. 1:17-cv-33, 2017 WL 6451887, at *3 (N.D. Ohio Dec. 18, 2017) (citation omitted).

[2] The appellate assistant is billing at $50/hour.

$125.00 statutory cap. It is common, although not required, to adjust the statutory hourly rate to account for cost of living increases since 1996, the time when that rate was last capped. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 n.4, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) ("A higher fee may be awarded if 'the court determines that an increase in the cost of living … justifies a higher fee.") (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)); *see also Hutchinson v. Colvin*, No. 1:15-cv-1144, 2016 WL 6777804, at *2 (N.D. Ohio Nov. 16, 2016) (examining the appropriateness of a cost of living increase).

The measure of inflation in this geographic region is the Midwest Urban Consumer Price Index ("CPI-U"), which is available on the website of the Bureau of Labor Statistics (http://www.bls.gov). *Crenshaw v. Comm'r of Soc. Sec.*, No. 1:13-cv-1845, 2014 WL 4388154, at *3 (N.D. Ohio Sept. 5, 2014) (collecting cases). In light of the information available there for the period of time in which counsel provided services in this case, the Court finds that the $8,250.00 stipulated award[3] is both reasonable and adequately reflective of "the prevailing market rates for the kind and quality of services furnished[.]" 28 U.S.C. § 2412(d)(2)(A).[4]

As the parties recognize in their stipulation, any amount paid belongs to plaintiff. As further recognized in the stipulation, this award will be in full and complete satisfaction of any and all of plaintiff's claims for fees, costs, and expenses, and is subject to setoff to satisfy any pre-existing debt owed by plaintiff to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010).

---

[3] This stipulated award is less than the $10,666.50 in legal fees actually itemized in Doc. No. 17.

[4] The CPI-U index for March 1996, when Congress raised the base rate to $125/hour, was 151.7. The index for 2022, when most of the services were performed, was 272.401. The increase in the cost of living was, therefore, 272.401 ÷ 151.7, or 1.796. Multiplying 1.796 by the 1996 EAJA cap of $125/hour yields $224.50/hour, the amount requested by each of the two attorneys in this case.

Defendant is directed to determine whether plaintiff owes any pre-existing debt to the United States. If plaintiff owes a pre-existing debt to the United States, defendant shall direct that the award of $8,250.00 in attorney's fees, less any setoff, be made payable to plaintiff's attorney[5] and be mailed to the attorney's business address. If there is no setoff, then the full award shall be remitted to plaintiff's attorney.

### III. CONCLUSION

For the reasons set forth herein, the Court approves the parties' stipulation (Doc. No. 15) for an award to plaintiff pursuant to 28 U.S.C. § 2412 in the amount of $8,250.00 in attorney's fees and this amount shall be paid in accordance with the procedure outlined above.

**IT IS SO ORDERED**.

Dated: April 13, 2023

        **HONORABLE SARA LIOI**
        **UNITED STATES DISTRICT JUDGE**

---

[5] Payment to the attorneys is pursuant to a fee agreement executed by plaintiff and his attorneys, under which plaintiff "consent[ed] to have all EAJA fees paid to my attorneys." (Doc. No. 17, at 7.)

4